Thank you, Hunters. My name is David Ness with the Federal Defenders of Montana, and I represent Kobe Marler. There are two issues raised in this appeal, and both of them involve interpretation of Chapter 4 of the Sentencing Guidelines. And I would like to concentrate on the first issue because, quite frankly, I think that's the strength of it, too. And that issue deals with whether or not Mr. Marler's prior state convictions for conspiracy to commit robbery and escape were related and, therefore, should have only received. Let me ask you a question about that. Yes, sir. The way I understood your argument is that escape is a continuing crime. Thus, he was escaping when he conspired to help his girlfriend rob the casino. Therefore, they're related because they're simultaneous. Yes, sir. That's the crux of the argument. Now, my own understanding was an escape is a completed crime the moment the person escapes. It's a continuing crime until he's re-imprisoned. So they're really not simultaneous. He escaped the first day he didn't show up for work, after he was released from prison. And other than the fact that he was still in escape status, it was not simultaneous. It's not as though he snuck off from work in order to plan and execute the casino robbery. Well, the escape is an ongoing crime, Your Honor, I guess like conspiracy in a sense. The idea of this, this isn't just a verbal manipulation. It has a purpose, and the purpose is to control prosecutors. A prosecutor could easily break up one crime into six counts of an indictment and 12 adjustments upward on the guidelines, and this related provision just puts a lid on prosecutors who try to do that. I can't see what else it does, and it looks like that purpose isn't served by your interpretation. Do you understand what I said? I'm sorry. No, I don't quite understand. I don't. My concern is that the purpose of the guideline provision that limits upward adjustments for related crimes is to control prosecutors who try to charge essentially the same crime or one series of criminal conduct as multiple crimes in order to get a longer sentence. I don't think that's necessarily. I guess I disagree with you, Your Honor, based upon the specific provision that we're looking at. You know, there's two different provisions involved in this appeal, and with respect to the first issue, that deals with prior convictions and their relationship to one another. And that provision, I think, is worded more broadly than the other provision, which deals with the second issue, and that has to do with prior convictions and their relationship to the instant offensive conviction. The provision that deals with issue number one in our case has to do strictly with counting criminal history. And it's – I don't think that it's – that criminal history is susceptible – is as susceptible to prosecutorial manipulation as when we're looking at the instant offense. Or it could have been in the previous case. It could – but a prosecutor can't – I'm trying to think of exactly how a prosecutor can manipulate counting prior offenses. Certainly, a prosecutor can manipulate in his charging decisions the instant offense. But here we're talking about two prior offenses and their relationship to one another. And they're – that's guided. One prosecutor – suppose it's a home invasion robbery. One will just charge it as a robbery. Another will charge it as felon in possession because the guy had a prior, burglary, armed robbery, maybe something else he can think of. And this related offenses – related cases in the criminal history provision of the guidelines just says it doesn't matter which the prosecutor did in the previous case. But it's not as dependent upon the prosecutorial action because, for instance, I mean, you can have two totally unrelated crimes, and if they're consolidated for whatever reason, you know, under Rule 20 or whatever, for purposes of sentencing, then they're going to be counted as one crime. So certainly, the – I can't – Is that true? I thought what we really focused on were whether they were related or not. What you need to look at with respect – we're talking about subsection 2 of 4A – was it 4A1.2A2? A2, yeah. And the general rule is stated in the first sentence, which is that prior sentences imposed in unrelated cases are to be counted separately. So the question that we're struggling with here is whether or not the conspiracy to commit the robbery and the continuing escape were separate because they were not related. But then you – Therefore, should have been counted separately, as Judge Haddon did. But then you have to go to the definition of related. And that is whether or not they were committed on the same occasion, whether or not they were consolidated for trial or sentencing, or whether or not they were – But the fact that they're consolidated for trial – I mean, the criminal rules permit a single defendant to have multiple crimes consolidated for purposes of trial. Sure. Now, he may have some argument that that's a prejudicial joinder, but the rules clearly permit it. That doesn't make them related. That's just for the convenience of the court. Let's try them on both of these. And I would respectfully disagree with you, Your Honor, with respect to the guideline provision that we're looking at. If they were – I mean, they can be completely unrelated. I mean, you can – If they're completely unrelated, then the guideline tells me to count them separately. I'm using related in a colloquial sense. They can be – And I'm trying to use it in a common sense, because what I understand the guideline Let's go back to Judge Kleinfeld's hypothetical. If the crime of escape was complete on day one when he didn't return to the work release facility from his day job, and then two and a half months later he hatches a conspiracy to commit a robbery, what's wrong with the district court concluding that those are two separate offenses, they're not related, and they should be counted separately for purposes of the criminal history computation? Under the guidelines, which, with all due respect, sometimes aren't commonsensical, they – But we wouldn't have a job. Job security. That is correct. All right. But, I mean, the DelVecchio case, that involved a defendant who committed a crime, I think, in Louisiana, a crime in Texas. He ruled 20 of them together. Different crimes, they were counted as one. I don't remember DelVecchio. Different crimes in the sense of, what, two robberies? I mean, was this guy a bank robber or something? Yes. I can't remember exactly what they were, but the reason why they were counted once is because they were consolidated. He ruled 20 of them to Louisiana, I think. I guess, Mr. Ness, I can see your point. If we were to conclude that this guy's a serial bank robber and he just travels around the country committing bank robberies, then they happen to be separated by a point in time of two months. Let me give you a better hypothetical that I think would cause us more heartburn. I had a case on the Hawaii calendar where a guy figured out a way to get out of the work release facility before the 1 o'clock bed check so that he could run down the street to rob the bank and then get back before the 1 o'clock bed check. Now, it seems to me that in that case you've got a pretty respectable argument that the escape and the robbery are related offenses because he couldn't commit the robbery without committing the escape. But here, I don't, Judge Haddon found as a matter of fact that that was not true, that because of the fact that the escape was unrelated, separate in time, prosecuted in a different jurisdiction from the robbery of the casino, they're two separate crimes. And I guess my point is, is that from a commonsensical point of view, maybe. But when you're interpreting this guideline... Don't throw common sense out the window. As we often do. But what I'm saying is that they don't have to be related, so to speak, in a colloquial sense. If they are related because they're committed at the same time. And here's, I mean, this is where my argument rises or falls on this issue. If escape is considered to be a continuing crime and if this Court decides... But isn't it, it's continuing for statute of limitation purposes. As a matter of justice, we do not want to countenance a fugitive and give him any credit for the running of the statute of limitation clock while he remains a fugitive. And so the courts have developed this exception to the general five-year statute of limitations that says as long as you're on the lam, the clock stops ticking. But when we catch you, it starts running again. That's the only significance of the continuing crime of escape, isn't it? Well, I guess suppose somebody escapes, gets a gun, and then is convicted under 924C or something because he possesses the gun in connection with a crime of violence. Then I would be arguing the flip side. And I assume the prosecutor would be going on that the escape is a continuing crime. He possessed the gun during the course of the escape. Also, the... It depends on whether or not he can tie the possession of the gun. I mean, I suppose you could have a factual hypothetical where the defendant decided to escape, go back to my Hawaii case. He decided to escape from the halfway house and he picked up a gun along the way to go drop the bag. Then I would think you'd have a pretty respectable argument that these are all related and not separate. But I guess the other point I'd throw out for the court is that don't forget, he's already getting an extra two points added to his criminal history because he committed his federal crime possessing a firearm while he was on escape status. So this is kind of a double-counting theory that he gets dinged with the two points to adjust the base offense level, and we also ding him on the criminal history... Well, I'm saying that the drafters of the guidelines, I think... I'm thinking we would go the other way. I've thought of another hypo case that I had as a district judge, actually. A guy committed his crime and he didn't finish doing whatever he was supposed to do after they let him out of prison. Many years later, he was a guide on a little lake in Alaska taking people out duck hunting. So naturally, he possessed a gun to protect him from bears and also to help him shoot the ducks. But there, I think even if the prosecutor said it's a continuing offense, we probably would reject it because it's unrelated. It's a matter of common sense. And I guess, but I just keep coming back to the fact that here we're talking about two prior State convictions, and we're not talking about relatedness with respect to the instant crime. We're talking about these two prior State convictions. Whether or not they are related in a commonsensical sense doesn't matter. Had they been consolidated for sentencing, which they weren't, then clearly they wouldn't be counted. But then the question remains, were they committed at the same time under this guideline provision? And whether or not they were related insofar as there was a common scheme or purpose doesn't really come into play with respect to that question. Thank you, counsel. May it please the Court, once again, Leif Johnson for the United States. Judge Kleinfeld, to respond to the question you asked a few minutes ago as to whether this is a tool to protect against prosecutorial abuse, that is absolutely right. And we've cited a case in the briefs that dealt with that. It's the Hauser case. There was a Montana drug sting in Yellowstone and Rosebud counties. And if you look at the case, you'll see that Jason Hauser was picked up for drug buys on two occasions in two different counties. And those were counted as separate crimes, and that was reversed by the circuit. The whole point being there, he was getting a career offender status, and the Court looked at it and said, you know what, this is part of the common scheme and plan. And that was the proper application of the use of relatedness, because those two crimes were very clearly connected together, not only through the investigation, but in the modus operandi and in the drugs and so forth. That simply is not what's going on in this case. The big problem that I think the district court had here, that this Court has already expressed and that other courts have expressed, is that it just leads to an absurd result. If escape continues, then if the guy's gone for a year and conducts any number of criminal acts, this provision simply does not throw a cloak over all of them for the purposes of assigning criminal history. The appellant here is correct in the sense that we are not looking at an issue of whether a prior offense is part of the instant offense. That's true. We are looking at whether or not relatedness of two prior offenses can be shown through the same occasion. But as we've stated in our brief, and I think it's a reasonable extension of those cases, we've cited Vargas-Garcia, Banaszewski, and Beto, and all those cases dealt with the other provision, whether a crime, a previous crime, was part of the instant offense. But they all dealt with the issue of timing. And all of those cases very clearly said, you know, these are not the circumstances where the same occasion occurred. For instance, in Vargas-Garcia, where the defendant was found in the incident in the United States after being an illegal alien for some time, the Court reacted as you did and said it just simply makes no sense to extend the period of the occasion of one offense to include such a broad range of potential criminal conduct in between. So let's see if I understand this right. If a person escapes January 1 or illegally enters the United States January 1 and then he commits just some ordinary unrelated as a practical matter crime July 1, the appellant's position would just give him one point on his criminal history calculation and yours would treat them separately? Yes. And I think the appellant's position would be no matter how many intervening crimes there were, they would all count one time. That simply can't be the rule. As to the appellant's second argument, Your Honor, I just would like to clarify the Banaszewski case that we cited in the first argument is very closely in point. There the Court held that, you know, the possession of the handgun clearly wasn't part of the stolen vehicle crime. They were separate. There's no reason to consider them together because the handgun crime simply doesn't depend on the stolen vehicle crime in any way. That's applicable here. There simply is no connection as the appellant makes it. And I would rely on that case in the second argument as well. And if the Court has nothing further, I will sit down. Thank you, counsel. I can't remember if you had time left. I think you went over. I think I ran over. Do you need 30 seconds for rebuttal? The only thing I would point out is the Hauser case that the government relies upon had to do with one of the other provisions. It had to do with whether or not those two Montana drug crimes were part of a common scheme or plan, not whether or not they occurred at the same time. The other thing I would point out is that the provision that we've been talking about is, in fact, worded broadly. And one of the things that the Court can look at is the acknowledgment that it's worded broadly and the fact that upward departures are almost invited or, in fact, are invited under the terms of the guidelines. So I think that you know it does raise an interesting question in light of Booker, Fan Fan, Gall, et cetera, as to whether we need to concern ourselves as much as we are with these very fine points of law when really the question is, you know, is the sentence imposed reasonable given all of the criminal behavior that is before the sentencing judge? Except just that the Booker line of cases, including coming out of this court, all say the starting point is correct. But you still have to get the guideline computation correct. So we don't want to work ourselves out of that job, do we? No, I wouldn't think so. I don't think so. Thank you. All right. Thank you, counsel. United States v. Marler is submitted.
judges: Kleinfeld, Tashima, Tallman